■ RICHARD P. RUBINSTEIN et al., Appellants, v 242 APARTMENT CORP. et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 3, 1991, which, *inter alia,* granted summary judgment in favor of defendants dismissing the complaint, and granted defendants' cross-motion for attorneys' fees, and order of the same court entered January 22, 1992, granting reargument and adhering to the initial determination, unanimously modified, on the law, to the extent of vacating the award of attorneys' fees and

the reference to a Special Referee, and otherwise affirmed, without costs.

Plaintiffs cannot challenge the adoption of a rule by the cooperative board expanding the hours of usage of the common roof garden adjacent to their penthouse apartment because they have failed to establish that the board was not acting for the purposes of the cooperative, within the scope of its authority and in good faith (*Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538). The expanded hours of operation do not constitute a breach of any implied warranty of habitability. Absolutely no evidence has been presented that the expanded hours of operation constitute a hazard to the plaintiffs' health or welfare within the meaning of Real Property Law § 235-b. Indeed, the record evidence submitted by the board, and not rebutted by plaintiffs, demonstrates that the board is attentive to matters of security, and that there have been no incidents of crime taking place in the common areas.

As to the issue of legal fees, however, the IAS Court erred. The corporation's entitlement to legal fees is clearly circumscribed by the particular language employed in the lease, which we interpret as giving rise to an entitlement to legal fees only in the event the plaintiffs have defaulted under their lease. Since there was no default, that part of the order appealed from awarding legal fees must be vacated. Concur— Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.